UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| |
|---|
| LEONARD T. JONES, *Plaintiff*, <br><br> v. <br><br> UNITED STATES, *Defendant.* |

No. 3:16-cv-706 (VAB)

**RULING ON PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Leonard T. Jones ("Petitioner"), currently incarcerated at the Federal Correctional

Institution, Coleman, and proceeding pro se, moved to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255. Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1 ("Mot.").

In response, the United States (or "Government") filed a response to Mr. Jones's motion.

Government's Response to Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence,

ECF No. 5 ("Gov't. Mem. in Opp'n.").

For the following reasons, the Court **DENIES** Mr. Jones' motion to vacate, set aside, or

correct the sentence.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

**A.      Indictment and Jury Verdict**

On December 20, 2001, the Government charged Leonard Jones with multiple federal

crimes in connection with a drug trafficking enterprise ("Jones Organization"). *United States v.

Jones*, 99-cr-264 (PCD), Fifth Superseding Indictment, ECF No. 813. At trial, the Government's

evidence showed that the Jones Organization was "a relatively structured RICO enterprise,

conducted over a substantial period of time." *United States v. Jones*, 482 F.3d 60, 70 (2d Cir.

2006). After a seven-week trial, in front of U.S. District Judge Peter Dorsey, a jury found

Leonard Jones, and a number of other criminal defendants, guilty of multiple felonies. *United States v. Jones*, 296 F. App'x 179, 180 (2d Cir. 2008) (summary order).

On September 3, 2003, Judge Dorsey sentenced Mr. Jones sentenced to a term of life imprisonment for Racketeering in Corrupt Organizations ("RICO") under 18 U.S.C. § 1962(c), RICO Conspiracy under 18 U.S.C. § 1962(d), Conspiracy to Distribute and Distribution of More than 1,000 Grams of Heroin and 50 Grams of Cocaine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and Conspiracy to Murder under 18 U.S.C. § 1959(a)(5). *Id.*; *United States v. Jones*, 99-cr-264 (PCD), Judgment as to Leonard Troy Jones, ECF No. 1493.

## B.    Direct Appeal and Subsequent Remand

On appeal to the Second Circuit, Mr. Jones argued that his sentence was "imposed pursuant to a mandatory application of the Sentencing Guidelines and therefore in violation of *United States v. Booker*, 543 U.S. 220 (2005)." *Jones*, 296 F. App'x at 184. The Second Circuit, relying on *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), remanded Jones's case "for consideration by the District Court of whether [he] should be resentenced in light of *Booker*." *Id.*

On August 4, 2009, Mr. Jones moved for re-sentencing based on his advanced age and an alleged sentencing disparity among the other defendants in the case. *United States v. Jones*, 99-cr-264 (PCD), Memorandum in Support of Resentencing, ECF No. 2308.

On October 5, 2009, Judge Dorsey held that there was "no reasonable basis for imposing a non-trivial reduced sentence for which defendant has moved." *Id.*, *United States v. Jones*, No. 99-cr-706, Memorandum of Decision, ECF No. 2315. Accordingly, while Judge Dorsey ultimately granted the motion for reconsideration, Mr. Jones's sentence was not reduced. *Id.*

## C.    Section 2255 Petition

On May 5, 2016, Mr. Jones moved to vacate, set aside, or correct his sentence and argued

that his sentence violated his Sixth Amendment rights under *Booker* and *Crosby*. Mot., at 5.

On May 20, 2016, the Court issued an Order to Show Cause regarding Mr. Jones's motion. Order to Show Cause, ECF No. 3.

On November 21, 2017, the Court again issued an Order to Show Cause regarding Mr. Jones's motion. Order to Show Cause, ECF No. 4.

On January 12, 2018, the Government filed a memorandum in opposition to Mr. Jones's Motion. Gov't. Mem. in Opp'n.

## II.     STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

## III.     DISCUSSION

Mr. Jones's Sixth Amendment argument is that, under *Booker* and *Crosby*, his sentence cannot be based on "facts not found by jury or proven by jury." Mot., at 5. He also argues that his sentence violated the Fair Sentencing Act. *Id.* at 14. Mr. Jones, however, acknowledges that his appeal may be time-barred. *Id.* at 8–11.

In response, the Government argues that Mr. Jones's motion is time-barred. Gov't Mem. in Opp'n, at 2. And even if the motion was timely, consistent with *Crosby* and *Booker*, the sentencing judge, already reconsidered his sentence and determined that the "sentence was constitutional and there is no legal basis to resentence him." *Id.* at 3.

The Court agrees.

### A.    Untimely Filing

Federal law imposes on prisoners seeking to mount collateral attacks on final sentences "[a] 1-year period of limitation . . . from the latest of" several events. *See* 28 U.S.C. § 2255(f). In most cases, the operate date for the limitation period will be "the date on which the judgment of conviction becomes final." *see* 28 U.S.C. § 2255(f)(1).

The statute, however, provides exceptions to this one-year time period.When there are factual impediments, "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." *See* 28 U.S.C. § 2255(f)(2). When there are newly recognized rights, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). Or when facts are newly discovered, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(4).

Alternatively, the Supreme Court has created a "very narrow" actual innocence exception for a defendant that "is concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) ("a petitioner may use his claim of actual innocence as a 'gateway,' or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction."). But the exception does not apply where a defendant ""merely makes [a] legal argument." *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003).

Because Mr. Jones is not asserting a claim of actual innocence, the latest event for the

one-year limitation is October 5, 2009 when Judge Dorsey decided not to reduce Mr. Jones's

Sentence. *United States v. Jones*, No. 99-cr-706, Memorandum of Decision, ECF No. 2315.

Accordingly, this date is "the date on which the judgment of conviction [became] final." *see* 28

U.S.C. § 2255(f)(1); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches

when this Court affirms a conviction on the merits on direct review or denies a petition for a writ

of certiorari, or when the time for filing a certiorari petition expires."). In short, Mr. Jones had

until October 5, 2010 to collaterally attack his sentence under the habeas statute. *See Hartford*

*Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 ((2000) ("[W]hen the statute's

language is plain, the sole function of the courts—at least where the disposition required by the

text is not absurd—is to enforce it according to its terms." (internal quotation marks omitted)).

Here, Mr. Jones moved to vacate his sentence on May 9, 2016, more than six years after

Judge Dorsey issued his Memorandum of Decision in this case. Mot.; *United States v. Jones*,

No. 99-cr-706, Memorandum of Decision, ECF No. 2315.

Because Mr. Jones does not cite any legal or factual impediments, newly recognized

rights, or newly discovered facts regarding his criminal case, *see* 28 U.S.C. § 2255(f), Mr.

Jones's motion to vacate, set aside, or correct sentence is time-barred. *See Clay*, 537 U.S. at 525

("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a

judgment of conviction becomes final when the time expires for filing a petition for certiorari

contesting the appellate court's affirmation of the conviction.").

## B. Underlying Petition

Even if Mr. Jones's petition had been timely, he already obtained the relief he seeks and

has provided no new basis for obtaining any additional relief now. Thus, in the event his petition

had been timely, it would have to be denied.

Under *United States v. Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. There, a jury found Mr. Booker guilty of possession with intent to distribute 50 grams of crack-cocaine. *Id.* at 227. Under the sentencing guidelines, the sentencing judge had to issue Mr. Booker a sentence between 210 and 262 months. *Id.*

The sentencing judge, however, held a post-trial sentencing proceeding and concluded by a preponderance of the evidence that Mr. Booker was guilty of additional counts of possession of 566 grams of crack and that he was guilty of obstruction of justice, increasing Mr. Booker's maximum sentence from 21 years and 10 months to 30 years. *Id.* The Supreme Court, however, held that the increased sentence violated the Sixth Amendment because "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244.

In *United States v. Crosby*, the Second Circuit later applied the Supreme Court's standard in *Booker* and held that a sentencing judge "committed a Sixth Amendment error by mandatorily selecting a sentence dictated by the applicable Guidelines range, which had been calculated on the basis of facts not found by a jury or admitted by the Defendant." *Crosby*, 397 F.3d at 119. The Second Circuit then remanded the case back to the District Court to "consider, based on the circumstances at the time of the original sentence, *whether* to resentence, after considering the currently applicable statutory requirements as explicated in *Booker/Fanfan* and this opinion." *Id.* at 120 (emphasis in original).

Here, consistent with *Booker* and *Crosby*, Mr. Jones's sentence has been properly

reconsidered by a judge; thus, there is no Sixth Amendment violation. On direct appeal, under *Crosby*, the Second Circuit remanded Mr. Jones's case "for consideration by the District Court of whether [he] should be resentenced in light of *Booker*." *Jones*, 296 F. App'x at 184. On remand, Judge Dorsey reiterated that Mr. Jones had been convicted by a jury of four counts: (1) RICO; (2) conspiracy to violate RICO; (3) conspiracy to distribute more than 1,000 grams of heroin and 50 grams of cocaine base; and (4) conspiracy to commit murder. *United States v. Jones*, No. 99-cr-706, Memorandum of Decision, ECF No. 2315.

For those convictions, "[t]he Guideline sentence was life imprisonment." *Id.* Upon consideration of "[a]ll of the factors in defendant's case, the scale of distribution, his role, the elimination of competition by use of violence in achieving the distribution, the murder of Anthony Scott, all of which were noted as considered in the guideline sentence," Judge Dorsey found that there was no reasonable basis to reduce Mr. Jones's sentence. *Id.*

Because the Judge Dorsey already reconsidered Mr. Jones's sentence under *Booker* and *Crosby*, Mr. Jones actually seeks to be sentenced again for a third time. But he has not provided this Court with any basis, legal or equitable, for reaching a decision different from his previous resentencing.

Accordingly, the Court declines to do so.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Jones's motion to vacate for lack of jurisdiction.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of May 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE